### IN THE UNITED STATE DISTRICT COURT FOR
### THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ASSOCIATED INDUSTRIES INSURANCE COMPANY** <br> 59 Maiden Lane, 42nd Floor <br> New York, NY 10038, <br><br> Plaintiff, <br><br> v. <br><br> **ZOUBEK PROPERTIES LLC** <br> 1401 Spruce Street <br> Apt. 1716 <br> Philadelphia, PA 19107 <br><br> And <br><br> **122 N. 3RD LLC** <br> 1401 Spruce Street <br> Apt. 1716 <br> Philadelphia, PA 19107, <br><br> Defendants, <br><br> And <br><br> **SAMUEL KEETH** <br> 4107 Park Lane <br> Aston, PA 19014 <br><br> And <br><br> **MELVIN SCHOOLFIELD** <br> 601 Poplar Street <br> Sharon Hill, PA 19079, <br><br> Nominal Defendants. | Civil Action No. |

### COMPLAINT FOR DECLARATORY AND OTHER RELIEF

AND NOW COMES the plaintiff, ASSOCIATED INDUSTRIES INSURANCE

COMPANY, by and through its attorneys, Bodell Bove LLC, to file this Complaint for

Declaratory Judgment and Other Relief against the defendants, 122 N. 3RD LLC, ZOUBEK PROPERTIES LLC, SAMUEL KEETH, and MELVIN SCHOOLFIELD, and in support thereof sets forth and avers the following:

## **PREAMBLE**

This matter arises out of a commercial renovation project accident which occurred on February 5, 2021 during the course of the installation of an elevator by Schindler Elevator Corporation ("Schindler") at 122 N. 3rd Street in Philadelphia, PA. Two Schindler employees, Samuel Keeth and Melvin Schoolfield (the "Underlying Plaintiffs"), fell through the floor of the project whilst carrying the elevator parts for installation. At the time, Schindler was under contract with Zoubek Properties LLC, who maintained a commercial general liability policy with Associated Industries Insurance Company (the "AIIC Policy"). The Underlying Plaintiffs subsequently sued the property owner, 122 N. 3rd Street LLC, which is also a Named Insured under the AIIC Policy, and the general contractor in charge of the renovation project, Z Builds, LLC a/k/a Zoubek Construction, LLC ("Z Builds") in a lawsuit styled, *Samuel Keeth and Melvin Schoolfield v. 122 N. 3rd LLC, et al.*, Philadelphia Court of Common Pleas, July Term, 2022 No. 000362 (the "Underlying Litigation").

The commercial general liability insurer for Z Builds picked up the defense of 122 N. 3rd St. LLC but its available liability coverage for the accident is insufficient to resolve the claims in the Underlying Litigation or, potentially, satisfy any adverse judgment which may be entered against Z Builds and 122 N. 3rd St. LLC in that litigation. Consequently, the Underlying Plaintiffs and 122 N. 3rd St. LLC have turned to Associated Industries Insurance Company ("AIIC") for indemnity coverage under AIIC Policy for any settlement of the claims or adverse judgment against 122 N. 3rd St. LLC in the Underlying Litigation.

The AIIC Policy, however, does not apply to bodily injury claims by employees of contractors or bodily injury claims arising out of elevator installations. Consequently, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201, *et seq*. and various codified and common laws of the United States of America and the Commonwealth of Pennsylvania, AIIC seeks a declaration that the AIIC Policy does not afford insurance coverage for the bodily injury claims advanced in the Underlying Action, together with such other and further relief as set forth herein or as may be appropriate under the circumstances.

## THE PARTIES

1.      Plaintiff, Associated Industries Insurance Company, Inc. ("AIIC"), is a Florida corporation engaged in the insurance business with its principal place of business located at 59 Maiden Lane, 42nd Floor, New York, New York 10038 and is, thus, a citizen of Florida and New York. AIIC is authorized to transact business and has transacted business in the Commonwealth of Pennsylvania.

2.      Defendant, Zoubek Properties LLC ("Zoubek Properties"), is a limited liability company organized under the laws of the Commonwealth of Pennsylvania with a registered place of business at the above captioned address. Upon information and belief, the members of this limited liability company are citizens or residents of the Commonwealth of Pennsylvania or, otherwise, not citizens or residents of Florida or New York.

3.      Defendant, 122 N. 3rd LLC, is a limited liability company organized under the laws of the Commonwealth of Pennsylvania with a registered place of business at the above captioned address. Upon information and belief, the members of this limited liability company are citizens or residents of the Commonwealth of Pennsylvania or, otherwise, not citizens or residents of Florida or New York.

4. Upon information and belief, Brian Zoubek, a Pennsylvania resident, is the principal owner of Zoubek Properties and 122 N. 3rd Street LLC, and is also the principal owner and operator of non-party Z Builds LLC a/k/a Zoubek Construction, LLC.

5. Nominal defendant, Samuel Keeth, is a citizen and resident of the Commonwealth of Pennsylvania, residing at the above captioned address. Mr. Keeth is a plaintiff in the civil action styled *Keeth and Schoolfield v. 122 N. 3rd LLC et al*., Philadelphia County Court of Common Pleas, Docket No. 220700362 (the "Underlying Litigation"). No claim is being advanced against Mr. Keeth in this case. Rather, he is named as a nominal defendant because he has a potential interest in the declaratory relief sought by AIIC in this proceeding.

6. Nominal defendant, Melvin Schoolfield, is a citizen and resident of the Commonwealth of Pennsylvania, residing at the above captioned address. Mr. Schoolfield is a plaintiff in the Underlying Litigation. No claim is being advanced against Mr. Schoolfield in this case. Rather, he is named as a nominal defendant because he has a potential interest in the declaratory relief sought by AIIC in this proceeding.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8. Jurisdiction and venue are proper in the Eastern District of Pennsylvania under 28 U.S.C. § 1391 because, *inter alia*, the defendants are organized under the laws of the Commonwealth of Pennsylvania, maintaining their principal place of business in this judicial district; the AIIC Policy at issue was produced and delivered to the defendants in this judicial district; the underlying accident which gives rise to this coverage action allegedly occurred at in

this judicial district; and the Underlying Litigation is pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, within this judicial district.

## FACTS

A. **THE ASSOCIATED INDUSTRIES INSURANCE POLICY**

9. AIIC issued a commercial lines insurance policy, No. AES1187679 01 (the "AIIC Policy"), effective February 15, 202 to February 15, 2021, to Zoubek Properties and 122 N. 3rd Street LLC, collectively, the "policyholders". A true copy of the certified AIIC Policy is attached hereto at **Exhibit A**.

10. The AIIC Policy provides certain insurance coverage limited to the policyholders' ownership interests in the property located at 122 N. 3rd Street, Philadelphia, PA 19106, which includes commercial general liability coverage with limits of $1,000,000 per occurrence. See AIIC Policy at General Liability Coverage Part, Limits of Insurance, and Limitation Of Coverage to Designated Premises or Project Endorsement (CG 2144 (07/98)).

11. The Coverage A (Bodily Injury and Property Damage Liability) insuring agreement under the Commercial General Liability Coverage Part of the AIIC Policy reads, in pertinent part:

> SECTION I - COVERAGES
> COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY
>
> 1. Insuring Agreement
>
>    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. ...
>       ...
>    b. This insurance applies to "bodily injury" and "property damage" only if:
>
>       (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

>> (2) The "bodily injury" or "property damage" occurs during the policy period; and …
>
> ...

AIIC Policy at Commercial General Liability Coverage Form (CG 0001 (12/07)), Section I – Coverages, Coverage A, ¶1. Insuring Agreement.

12. This insuring agreement generally gives rise to a defense and indemnity obligation in favor of a qualifying "insured" where there is a "suit" against such an insured seeking damages the insured may be legally obligated to pay because of "bodily injury" caused by an "occurrence", where such "bodily injury" occurs during the policy period. The relevant quoted terms within the Coverage A insuring agreement of the AIIC Policy are defined as follows:

> "Occurrence" means an accident, including continuous or repeated exposure to substantially the same or general harmful conditions.
>
> "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.
>
> "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. …

*Id*. at Section V. Definitions, ¶¶3, 13 and 18.

13. This insuring grant, however, is limited by various endorsements to the policy which, as relevant to this action, preclude any insuring obligation for bodily injury claims by employees of contractors or subcontractors or bodily injury claims arising out of elevator installations.

14. In pertinent part, the AIIC Policy provides:

**EXCLUSION – BODILY INJURY TO INDEPENDENT CONTRACTORS**

This endorsement modifies insurance provided under the following:
**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

**A.** The following Exclusion is added to **SECTION I – COVERAGES**, paragraph **2. Exclusions** of **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**:

**2. Exclusions**

This insurance does not apply to:

**Bodily Injury to Independent Contractors**

**(1)** "Bodily injury" to an independent contractor or to an "employee" or "temporary worker" of an independent contractor hired by you or by any subcontractor; or

**(2)** The spouse, child, parent, brother or sister of such independent contractor or to an "employee" or "temporary worker" of the independent contractor as a consequence of **(1)** above.

This exclusion applies:

**(1)** Whether the insured may be liable as an employer or in any other capacity; and
**(2)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

*Id.* at Exclusion – Bodily Injury to Independent Contractors Endorsement (NX GL 068 (08/09)).

15.  The AIIC Policy further provides:

**EXCLUSION – DESIGNATED CONSTRUCTION OR CONTRACTOR OPERATIONS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

**SCHEDULE**

…
☐   Elevator or Escalator Inspection, Installation, Servicing or Repair
…

**Description of excluded operations:**

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of operations shown in the schedule above.

AAIC Policy at Exclusion – Designated Construction or Contractor Operations Endorsement

(AES GL222B (05/17)).

7

**B.     THE UNDERLYING LITIGATION**

16.     As described by Zoubek Properties in a promotional piece, the property located at 122 N. 3rd Street:

> [W]as built in 1920, in the historic center of Philadelphia. Standing at over 8,000 square feet, with 12-foot ceilings and floor-to-ceiling windows, we were thrilled to consider the design possibilities. We will honor the classic beauty and history of the building by rehabilitating the exterior to its former glory and remodel the interior to house 10 residential units and one commercial space.

https://zoubekproperties.com/properties/122-n-3rd-street.

17.     Consistent with this planned renovation, the single purpose property owner, 122 N. 3rd Street LLC, entered into General Contractor Agreement with Z Builds, LLC a/k/a Zoubek Construction, LLC ("Z Builds"), a true and correct copy of which is appended hereto as **Exhibit "B"**.

18.     Brian Zoubek executed the General Contractor Agreement on behalf of both Z Builds and 122 N. 3rd Street LLC. *Id.*

19.     Zoubek Properties, by Brian Zoubek, subsequently accepted a February 4, 2020 proposal from Schindler Elevator Corporation ("Schindler") to install an elevator at the property as part of the renovation project.  A true and correct copy of various documents related to the elevator installation at 122 N. 3rd Street, including the accepted Schindler proposal, are attached collectively as **Exhibit "C"**.  Other documents related to the elevator installation at the project are believed to be in the possession of the defendants.

20.     On or about February 5, 2021, two Schindler employees, Samuel Keeth and Melvin Schoolfield (the "Underlying Plaintiffs"), fell through the first floor of 122 N. 3rd Street while moving the elevator counterweights and sustained various bodily injuries.

21.     The two Schindler employees sued the property owner, 122 N. 3rd LLC, and the general contractor for the renovation project, Z Builds, in a lawsuit styled, *Samuel Keeth and*

8

*Melvin Schoolfield v. 122 N. 3rd LLC, et al.*, Philadelphia Court of Common Pleas, July Term, 2022 No. 000362 (the "Underlying Litigation") seeking damages for the bodily injuries they sustained in the accident. A true and correct copy of the current operative Fourth Amended Complaint in the Underlying Litigation is appended hereto at **Exhibit "D"**.

## CASE AND CONTROVERSY

22. Z-Build's commercial general liability insurer assumed the defense of 122 N. 3rd St. LLC in the Underlying Litigation.

23. Upon information and belief, Z-Build's commercial general liability insurer issued a policy with limits of $1 Million per occurrence, which the Underlying Plaintiffs claim is insufficient to settle the claims against 122 N. 3rd St. LLC or satisfy any adverse judgment entered against 122 N. 3rd St. LLC in the Underlying Litigation.

24. Consequently, 122 N. 3rd St. LLC has advanced a claim for indemnity under the AIIC Policy for purposes of garnering additional insurance proceeds to settle or otherwise satisfy any adverse judgment entered against it in the Underlying Litigation.

25. AIIC has denied that it has any insuring obligation relative to the Underlying Litigation under the AIIC Policy because, *inter alia*, the insurance under that policy does not apply to "bodily injury" to an employee of an independent contractor hired by the policyholder, and otherwise does not apply to "bodily injury" arising out of the elevator installation.

26. 122 N. 3rd St. LLC has contested AIIC's disclaimer of coverage.

27. A ripe and justiciable case and controversy has arisen in regard to whether the AIIC Policy affords coverage to 122 N. 3rd St. LLC for "bodily injury" claims by employees of the policyholder's independent contractor who were injured in the course of installing an elevator at the 122 N. 3rd Street property.

28. This Court has the power to declare rights, status and other legal relations under a contract either before or after a breach thereof, and whether or not further relief is or could be claimed. 28 U.S.C.S. § 2201.

## COUNT I
## DECLARATORY RELIEF
### (No Coverage Under The AIIC Policy)

29. AIIC incorporates by reference the foregoing averments of this Complaint as if the same were set forth more fully herein at length.

30. The insurance afforded by the AIIC Policy does not apply to bodily injury claims by an employee of an independent contractor:

**EXCLUSION – BODILY INJURY TO INDEPENDENT CONTRACTORS**

This endorsement modifies insurance provided under the following:
**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

**A.** The following Exclusion is added to **SECTION I – COVERAGES**, paragraph **2. Exclusions** of **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**:
**2. Exclusions**

This insurance does not apply to:

**Bodily Injury to Independent Contractors**

**(1)** "Bodily injury" to an independent contractor or to an "employee" or "temporary worker" of an independent contractor hired by you or by any subcontractor; or

**(2)** The spouse, child, parent, brother or sister of such independent contractor or to an "employee" or "temporary worker" of the independent contractor as a consequence of **(1)** above.

This exclusion applies:

**(1)** Whether the insured may be liable as an employer or in any other capacity; and
**(2)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

*Id.* at Exclusion – Bodily Injury to Independent Contractors Endorsement (NX GL 068 (08/09)).

31. The Underlying Plaintiffs assert claims for damages for "bodily injury", as defined by the AIIC Policy, in the Underlying Litigation.

32. Each of the Underlying Plaintiffs were employees of Schindler, an independent contractor hired by the policyholder.

33. Consequently, insurance coverage under the AIIC Policy is not available for the claims asserted in the Underlying Litigation.

**COUNT II**
**DECLARATORY RELIEF**
**(No Coverage Under The AIIC Policy)**

34. AIIC incorporates by reference the foregoing averments of this Complaint as if the same were set forth more fully herein at length.

35. The insurance afforded by the AIIC Policy does not apply to bodily injury claims arising out of elevator installation operations:

**EXCLUSION – DESIGNATED CONSTRUCTION OR CONTRACTOR OPERATIONS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

**SCHEDULE**

…
☐   Elevator or Escalator Inspection, Installation, Servicing or Repair
…

**Description of excluded operations:**

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of operations shown in the schedule above.

AAIC Policy at Exclusion – Designated Construction or Contractor Operations Endorsement (AES GL222B (05/17)).

36. Schindler was under contract with the AIIC policyholder to furnish and install an elevator at the 122 N. 3rd Street property as part of that property's renovation.

37. At the time of the accident at issue in the Underlying Litigation, the Schindler employees were carrying the elevator counterweights on the first floor of the 122 N. 3rd Street property when the floor collapsed, causing them to fall through to the basement below and sustain "bodily injury", as defined under the AIIC Policy.

38. Consequently, insurance coverage under the AIIC Policy is not available for the claims asserted in the Underlying Litigation.

## COUNT III
## DECLARATORY RELIEF
### (No Coverage Under The AIIC Policy)

39. AIIC incorporates by reference the foregoing averments of this Complaint as if the same were set forth more fully herein at length.

40. Coverage under the AIIC Policy relative to the Underlying Litigation is otherwise not available pursuant to the policy's terms, conditions precedent, limitations, and exclusions to coverage, all of which are incorporated herein by reference.

## PRAYER FOR RELIEF

Plaintiff, Associated Industries Insurance Company, respectfully requests that this Honorable Court enter:

(a) An Order declaring that Associated Industries Insurance Company has no duty to indemnify Zoubek Properties LLC, 122 N. 3rd Street LLC, or any other person or entity in connection with the lawsuit styled, *Samuel Keeth and Melvin Schoolfield v. 122 N. 3rd LLC, et al.*, Philadelphia Court of Common Pleas, July Term, 2022 No. 00036, under Associated Industries Insurance Company Policy No. AES1187679 01;

(b) A judgment in favor of Associated Industries Insurance Company on the declaratory relief so requested; and

(c)     An order and/or judgment for such other or alternative relief consistent with the claims and causes asserted in this Complaint or as this Honorable Court may deem just and proper under the circumstances.

                 Respectfully Submitted,

                 By: /s/ Louis A. Bové
                 LOUIS A. BOVÉ, ESQUIRE
                 PA BAR I.D. NO. 53071
                 BODELL BOVE, LLC
                 1845 Walnut Street, 11th Fl., Suite 1100
                 Philadelphia, PA 19103
                 Tel: (215) 864-6600
                 Facsimile: (215) 864-6610
                 lbove@bodellbove.com
                 *Attorneys for Plaintiff,*
                 *Associated Industries Insurance Company*

Date: February 5, 2024